# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| W. MAURICE WHITE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09-CV-218 JVB |
| | ) | |
| GREGORY S. REISING, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 35], filed on October 15, 2010. Plaintiff has not responded to the motion.

**A.      Summary Judgment Standard**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the

moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628.. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**B.    Facts**

Because Plaintiff has not responded to the motion for summary judgment, the Court accepts as true all facts designated in Defendant's brief:

Defendant Gregory S. Reising is an attorney in Indiana. Plaintiff W. Maurice White, Jr., is the former reverend of Christ Baptist Church in Gary, Indiana. Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

Plaintiff received personal loans from two of his parishioners, Raymond and Gail Levy. Defendant represented the Levys when Plaintiff failed to pay back the loans. Defendant attempted to collect the money Plaintiff owed to the Levys. He also corresponded with the

attorneys Plaintiff had retained concerning the Levy loans.

On August 29, 2008, Plaintiff gave his attorneys a check in the amount of $5,700, presumably for the purpose of repaying the Levys. With the check in their possession, Plaintiff's attorneys wrote Defendant that same day, demanding that the Levys execute "an agreement that documents the outstanding issues between our respective clients." (DE 36-1 at 8). On September 5, 2008, and September 19, 2008, Defendant responded to Plaintiff's attorneys and identified four loans that the Levys had made to Plaintiff. Plaintiff's lawyers failed to give the check for $5,700 to the Levys, and in October 2008, Defendant sent a letter to the Board of Directors of Christ Baptist Church, informing them that the Levys had not yet received their $5,700 check from Plaintiff.

**C.     Analysis**

On July 29, 2009, Plaintiff filed his complaint, alleging that Defendant violated the FDCPA because he had communicated with Plaintiff's employer in an unauthorized manner. He further alleged that "[b]y sending the . . . [l]etter, [Defendant] acted as a 'debt collector' as defined by 15 U.S.C. § 1692a(6) because Reising used the United States Postal Service for the principal purpose of collecting on the Levy Loans." (DE 1 at 4). Plaintiff claims that by mailing the letter to his employer concerning his debt, Defendant violated the FDCPA. Defendant, on the other hand, contends that he is not a "debt collector" as defined by 15 U.S.C. § 1692(a)(6), since his legal practice's "principal purpose" is not debt collection.

Section 1692a(6) of the FDCPA defines the term debt collector:

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is

3

the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Conversely, "[c]reditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act." *Aubert v. Am. Gen. Fin.*, 137 F.3d 976, 978 (7th Cir. 1998).

In determining whether an attorney is a debt collector under FDCPA, courts consider the volume of the attorney's practice devoted to debt collection. *See Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56 (2d Cir. 2004); *Scott v. Jones*, 964 F.2d 314 (4th Cir. 1992); *Fox v. Citicorp Credit Serv.*, 15 F.3d 1507 (9th Cir. 1994); *Heller v. Graf*, 488 F. Supp. 2d 686, 692 (N.D. Ill. 2007); *Mertes v. Devitt*, 734 F. Supp. 872, 874 (W.D. Wis. 1990). Courts have generally found that an attorney devoting 1% of his or her practice is not considered a debt collector within the statute. *See Heller*, 488 F. Supp. 2d at 692; *Mertes*, 734 F. Supp. at 874; *Argentieri v. Fisher Landscapes, Inc.*, 27 F. Supp. 2d 84 (D. Mass. 1998); *Nance v. Petty*, 881 F. Supp. 223 (W.D. Va. 1994). Conversely, courts regularly find attorneys who involve themselves in a high volume of debt collection matters over a short period of time to be debt collectors. *Garrett v. Derbes,* 110 F.3d 317 (5th Cir. 1997); *Crossley v. Lieberman*, 868 F.2d 566 (3d Cir. 1989); *Oppong v. First Union Mortgage Corp.*, 215 Fed. Appx. 114 (3d Cir. 2007) (unpublished).

Defendant contends that he is not a "debt collector" as defined by the FDCPA, because debt collection is not the principal purpose of his legal practice, and likewise, he does not regularly engage in the practice of debt collection. Defendant maintains that when he did engage in debt collection, it was mainly "ancillary to other legal proceedings such as back child support, back rent or business debt." (DE 36 at 10). Furthermore, Defendant maintains that since 1991 he

4

has not represented "any financial institution or organization that regularly collects consumer debts as defined in the FDCPA" (DE 36 at 11), and he does not advertise that he handles consumer debt issues. Finally, he states that he has never collected more than 1% of his yearly fees from consumer debt collection.[1]

Federal Rule of Civil Procedure 56(e)(2) states that a party that fails to respond risks summary judgment being entered against him:

> **Opposing Party's Obligation to Respond.** When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

By failing to respond to Defendant's motion for summary judgment, Plaintiff has not set out facts showing a genuine issue for trial. Furthermore, Defendant's contention that he is not a debt collector as defined by the FDCPA remains uncontroverted. Accordingly, entering summary judgment in favor of Defendant is appropriate.

**D.    Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment [DE 35] is GRANTED.

SO ORDERED on February 7, 2011.

    s/ Joseph S. Van Bokkelen

---

[1] Defendant also submitted an affidavit that states these facts.

JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE